**CREEDON, Housing Expediter, v. COHEN.**

Civil Action No. 2586.

District Court, N. D. Texas,
Dallas Division.

Oct. 14, 1947.

Judgment for defendant.

Austin S. Dodd, of Dallas, Tex., for plaintiff.

William Madden Hill, of Dallas, Tex., for defendant.

ATWELL, District Judge.

The plaintiff complains and seeks judgment against the defendant for an alleged violation of the Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., in that he charged $100 per month instead of $30 per month for property which he claims was residential. The defendant answers that he did rent the property for $100 per month, but not for residential purposes. There is no dispute about the period nor the rates. The dispute concerns the purpose for which it was rented, and the use made after such rental.

The property is in a zone restricted for business by the city and is in an active commercial suburban neighborhood. It is a very short distance from the State Fair Grounds, which is the largest Fair in the nation. The grounds, themselves, consist of approximately one hundred and seventy-five acres, covered with all sorts of amusements which continue to function, both during the Fair and for the entire year. It is a playground for the city which has in excess of four hundred thousand population. On these grounds is situated the Cotton Bowl in which many football contests are held each year, and in which the national classic of that sort of sport takes place each year.

---

Among these amusements is the largest roller coaster in the United States. A large bandshell for concerts and theatricals during the open season, a closed auditorium for indoor theaters, an aquarium, swimming pools, a broadcasting station, the Hall of State, the State Ranger Police force headquarters, and many other units unnecessary to mention.

Congregated about these grounds are moving picture shows, restaurants, many sorts of shops, parking spaces, rooming houses, and such small businesses as usually operate where a number of people come and go.

The property itself consists of a large, two-story residence, which was changed into a transient rooming and boarding house by the tenant to whom the defendant rented.

In addition to the house on the lot were trees, a drive-way on each side of the house to the back, and the lot, itself, was 100 feet front by 137 feet deep, so that there were 34 feet on one side unoccupied by the house, and 21 feet front unoccupied on the other side. On the porch of the house and in the house furniture was offered for sale, as well as from the yard, and the yard was also rented for those who wished to park cars for which $1 per day was charged, except on Sundays when $.50 was charged, and some days as high as fifty cars were parked. Some days there were no cars parked.

When the contract for the rental of the property was made, the tenant insisted that there be placed in the lease, as well as in the original written agreement, the phrase, "for any business purpose." There was no "bonus."

The tenant, herself, did not reside in the property. She resided elsewhere. She was a real estate agent and engaged in the buying and selling of furniture. Her husband had charge of the parking part of the business, and shops of different sorts were contemplated on the vacant sides of the lot.

Bearing in mind the purpose of the Rent Control Act, and the wording of that Act, and such regulations as have been made under it by the Administrator, that are considered valid, it does not seem to me that there is anything in the case to indicate that there was any overcharge for the property as it was leased. It was from the beginning, and is today, a place for business.

What I have said I find as facts, and those being the facts, judgment must go for the defendant.